No. 741 August 5, 2026 53

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RICHARD LONG,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
23CV44055; A188220

Patricia A. Sullivan, Senior Judge.

Submitted June 12, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Affirmed.

_____
   * Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

In the underlying criminal cases, which took place in 2015, petitioner pleaded guilty to two counts of first-degree rape, ORS 163.375, and one count of first-degree sodomy, ORS 163.405.

Petitioner filed a petition for post-conviction relief alleging that his trial counsel rendered inadequate and ineffective assistance when he (1) failed to advise petitioner that "Oregon's non-unanimous jury verdict rule was likely to be found unconstitutional by the United States Supreme Court" and (2) advised petitioner that "he could be convicted by a non-unanimous jury verdict."

The post-conviction court denied relief. Among other points, the post-conviction court determined that petitioner's trial counsel "provided correct legal advice regarding the law at the time of Petitioner's trial" and that "Petitioner did not suffer prejudice as a result of anything" petitioner's trial counsel "did or failed to do." As to the latter, the post-conviction court specifically found that the case against petitioner was "strong"; that petitioner received a "significant benefit as a result of his plea" because it resulted in "a reduction of possible time in custody"; and that petitioner was "not credible that but for Trial Counsel's not advising him in 2015 that sometime in the future Oregon's rule [concerning] nonunanimous verdicts might be reversed by the [United States] Supreme Court, and if he had been convicted by a nonunanimous verdict he might then be entitled to a new trial, he would have not entered a plea but gone to trial."

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues. *See Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024)

(noting "[t]he post-conviction court's finding on petitioner's credibility binds us on appeal"); *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (concluding "[t]he obligation to exercise reasonable professional skill and judgment *** does not encompass an obligation to augur an about-face by the United States Supreme Court").

Affirmed.